**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LAWRENCE RUSTON and**
**JANET RUSTON,**

                        **Plaintiffs,**

                        v.                                      5:06-CV-927
                                                             (FJS/GHL)

**THE TOWN BOARD FOR THE TOWN**
**OF SKANEATELES, PAUL "BILL" PAVLUS,**
**THADDEUS ASTEMBORSKI, BARBARA**
**SPAIN, DAVID G. LAXTON, THEODORE**
**MURDICK, THE PLANNING BOARD FOR THE**
**TOWN OF SKANEATELES, MARK TUCKER,**
**JOSEPH SOUTHERN, KENNETH JONES, ALAN**
**BRIGGS, LEWIS WELLINGTON, DESSA**
**BERGEN, ROBERT LOTKOWICTZ,**
**THE VILLAGE OF SKANEATELES, JOHN**
**DOE and JANE DOE 1-20,**

                        **Defendants.**
_____

**APPEARANCES**                                  **OF COUNSEL**

**FEERICK LYNCH MACCARTNEY, PLLC**    **DENNIS E. A. LYNCH, ESQ.**
96 South Broadway
South Nyack, New York 10960
Attorneys for Plaintiffs

**RICE & AMON**                                    **TERRY RICE, ESQ.**
Four Executive Boulevard, Suite 100
Suffern, New York 10901
Attorneys for Defendant Village of
Skaneateles

**OFFICE OF FRANK W. MILLER**            **FRANK W. MILLER, ESQ.**

6575 Kirkville Road
East Syracuse, New York 13057
Attorneys for Town Defendants[1]

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiffs asserted three causes of action against Defendant Village of Skaneateles ("Village"): (1) conspiracy to violate civil rights, under 42 U.S.C. §§ 1983, 1985(3); (2) violation of substantive due process rights, under the Fourteenth Amendment; and (3) violation of equal protection of law, under the Fourteenth Amendment.[2] Currently before the Court is Defendant Village's motion to dismiss these claims pursuant to Rule 12(b)(6) on the grounds that the statute of limitations has run; that they fail to state a claim; and that there is a failure to show causation.[3]

**II. BACKGROUND**

Plaintiffs Lawrence Ruston and Janice Ruston own twenty-seven acres of property in the Town of Skaneateles ("Town"), but outside Defendant Village. Starting first from 1990-1991

---

[1] Attorney Miller entered an appearance on behalf of all Defendants; however, he appears to represent all Defendants except the Village of Skaneateles (the "Town Defendants").

[2] Plaintiffs also asserted a "Void for Vagueness" claim regarding provisions of the Town Code and a claim for "Vested Rights," claiming entitlement to have their application decided under the prior Town Code. Neither of these claims impact Defendant Village.

[3] The Town Defendants submitted an affidavit and memorandum of law in support of Defendant Village's motion and requested dismissal on the same basis as Defendant Village. Additionally, Plaintiffs, without a formal cross-motion, requested the opportunity to move to amend their complaint should the Court dismiss a cause of action.

and again from 2000 until the filing of this suit, Plaintiffs have endeavored to subdivide and develop their property.

Plaintiffs' first cause of action for conspiracy alleges that Defendants have conspired to violate Plaintiffs' civil rights by, among other things, (1) having Plaintiffs' attorney become Defendant Village's attorney; (2) ignoring Plaintiffs' contractual rights and other rights to continued connection to Defendant Village's sewer system; (3) using litigation to delay Plaintiffs' development proposals; (4) selectively applying policy to Plaintiffs' proposals; (5) using Plaintiffs' sewer connection to take their property, i.e., having the Town Defendants require Plaintiffs to connect to Defendant Village's sewage system and having Defendant Village deny them access to the sewage system to the end of preventing Plaintiffs from subdividing and developing their property.

Plaintiffs' second cause of action for violation of constitutional rights is a substantive due process claim.[4]  Plaintiff alleges that Defendant Village arbitrarily and irrationally deprived them of a property interest in sewage service from Defendant Village's sewage system.  Finally, Plaintiffs' third cause of action for equal protection violations alleges that Defendant Village applied a "no new connections policy" with respect to its sewage system differently to similarly situated property owners in the Town.

---

[4] The Complaint is not clear regarding which of Plaintiffs' constitutional rights Defendants allegedly violated.  Accordingly, Defendant Village moved to dismiss several potential Fourteenth Amendment violations arguably presented under the vague "Constitutional Violations" claim.  In their memorandum of law, Plaintiffs clarify that they "have only alleged substantive due process violations under 42 U.S.C. § 1983." *See* Plaintiffs' Memorandum of Law at 14.  Based upon this statement, the Court finds that Plaintiffs have abandoned any other constitutional violations, with the exception of the equal protection claim asserted as a separate cause of action and separately discussed in Plaintiffs' memorandum.

## III. DISCUSSION

### A. Motion to dismiss standard

On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court "must accept all well-pleaded facts as true and consider those facts in the light most favorable to the plaintiff." *Patane v. Clark*, 508 F.3d 106, 111 (2d Cir. 2007) (per curiam) (citation omitted).  The court "must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits and documents incorporated by reference in the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999) (citation omitted).  If the court looks at additional materials, it should convert the motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d).[5]

"[A] complaint must plead 'enough facts to state a claim for relief that is plausible on its face.'" *Patane*, 508 F.3d at 111-12 (quoting *Bell Atlantic Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)).  The Second Circuit interprets *Twombly* to require "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*"

---

[5] In their opposition papers, Plaintiffs submit a supporting affidavit from Plaintiff Lawrence Ruston and other exhibits.  Plaintiffs rely on *Bennett v. Cardinal Health Marmac Distribs., Inc.*, No. 02 CV 3095, 2003 WL 21738604, *2 (E.D.N.Y. July 14, 2003), for the proposition that this Court may consider Plaintiffs' supporting affidavit and exhibits in deciding this motion.  Plaintiffs' reliance on *Bennett* is misguided and contrary to the rules.  In *Bennett*, Judge Gleeson acknowledged that he was going against the general rule, noted that he was considering the affidavits on the invitation of both parties, and also noted that the affidavits allowed him to clearly find that granting leave to amend would be futile. *See id*. *Bennett* does not apply here.  Defendant Village does not invite the Court to consider Plaintiffs' affidavit. Accordingly, in deciding Defendant Village's motion to dismiss, the Court will exclude the exhibits and affidavits that Plaintiffs submitted from its consideration of Defendant Village's motion and declines to convert Defendant Village's motion into a motion for summary judgment.

rather than a heightened fact-pleading requirement. *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007). A court should dismiss a complaint that consists of "'conclusory allegations unsupported by factual assertions . . . .'" *Americorp Fin., Inc. v. St. Joseph's Hosp. Health Ctr.*, 180 F. Supp. 2d 387, 390 (N.D.N.Y. 2001) (quoting *De Jesus v. Sears, Roebuck & Co.*, 87 F.3d 65, 70 (2d Cir. 1996)).[6]

**B.    Statute of Limitations as a basis for dismissal**

Defendant Village asserts that the statute of limitations bars some of Plaintiff's claims. The statute of limitations for Plaintiffs' causes of action under 42 U.S.C. §§ 1983, 1985 in New York is three years. *See Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001) (citations omitted).[7] "'While state law supplies the statute of limitations for claims under § 1983, federal law determines when a federal claim accrues. The claim accrues when the plaintiff knows or has reason to know of the harm.'" *Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (quoting *Eagleston v. Guido*, 41 F.3d 865, 871 (2d Cir.1994)).

Plaintiffs, who filed their complaint on August 1, 2006, have alleged that Defendant

---

[6] Plaintiffs' complaint is fifty-eight pages long and contains 312 paragraphs. The Court notes that the complaint is contrary to the spirit of Rule 8 of the Federal Rules of Civil Procedure's direction that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).

[7] Plaintiffs' complaint also cites 42 U.S.C. § 1986, *see* Complaint ¶ 7, which has a statute of limitations of one year. *See* 42 U.S.C. § 1986; *Paige*, 264 F.3d 199 n.2. However, the claims for relief in the complaint do not mention § 1986; and, therefore, despite Plaintiffs' earlier reference to § 1986, Plaintiffs have not alleged such a cause of action and this Court need not consider whether it is time-barred.

Village denied them sewage access in November of 2004,[8] well within the statute of limitations' time frame. Plaintiffs allege that this decision violated their substantive due process rights and their equal protection rights. Additionally, Plaintiffs allege that the conspiracy between the Town Defendants and Defendant Village resulted in the November 2004 denial as well as the other deprivations that the Town Defendants caused. Therefore, the Court finds that, based on the allegations in the complaint, the statute of limitations does not prevent Plaintiff from asserting any of its claims against Defendant Village.[9] Accordingly, the Court denies Defendant Village's motion to dismiss these causes of action pursuant to Rule 12(b)(6) on this ground.

**C.    Failure to state a claim as a basis for dismissal**

*1. Plaintiffs' § 1985(3) conspiracy claim*

To state a claim for a violation of § 1985(3), "the plaintiff must allege and prove four elements: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463

---

[8] The complaint alleges that Defendant Village made its decision on November 8, 2004, and sent the letter notifying Plaintiffs of this decision on November 9, 2004. *See* Complaint ¶¶ 182-183.

[9] Defendant Village also makes a proximate cause argument, citing the availability of alternative sewage disposal methods. *See* Defendant Village's Memorandum of Law at 24. Plaintiffs have sufficiently pled that Defendant Village's actions, as well as those of the Town Defendants, caused their damages. *See, e.g.*, Complaint ¶¶ 303-06.

U.S. 825, 828-29 (1983). "[A] conspiracy is actionable under § 1985 only if it involves a discriminatory animus based on race or some other invidious classification." *Posr v. Court Officer Shield No. 207*, 180 F.3d 409, 419 (2d Cir. 1999) (citing *United Bhd. of Carpenters, Local 610 v. Scott*, 463 U.S. 825, 829, 834-35, 103 S. Ct. 3352, 77 L. Ed. 2d 1049 (1983)). In *Scott*, the Supreme Court held that economic and commercial conflicts are beyond the reach of § 1985(3). *See Scott*, 463 U.S. at 839.

Plaintiffs have not alleged racial or other invidious class-based discrimination as the basis for their § 1985 conspiracy claim. To the contrary, Plaintiffs base their allegations of animus on Plaintiffs' failure to associate with influential figures (not based on any classification) and the desire of surrounding property owners to avoid diminishment of property values. *See* Plaintiffs' Memorandum of Law at 3. Neither of these reasons constitutes invidious class discrimination. Furthermore, the property-value basis for these claims is an economic conflict, which cannot support a § 1985 action under *Scott*. Accordingly, Plaintiffs have failed to state a § 1985(3) claim for conspiracy; and, therefore, the Court grants Defendant Village's motion to dismiss this claim.

### 2. *Plaintiffs' substantive due process claim under the Fourteenth Amendment*

"[A] party asserting deprivation of substantive due process must first establish a valid property interest within the meaning of the Constitution . . . . [and] must demonstrate that the defendant acted in an arbitrary or irrational manner in depriving him of that property interest." *Crowley v. Courville*, 76 F.3d 47, 52 (2d Cir. 1996) (citations omitted); *see also Clubside, Inc. v. Valentin*, 468 F.3d 144, 152 (2d Cir. 2006).

### *a. Property interest*

To establish a property interest, a plaintiff must show a "'"legitimate claim of entitlement."'" *Crowley*, 76 F.3d at 52 (quotations omitted). "'The [strict entitlement] analysis focuses on the extent to which the deciding authority may exercise *discretion* in arriving at a decision, rather than on an estimate of the probability that the authority will make a specific decision.'" *Id*. (quoting *Zahra [v. Town of Southold*,] 48 F.3d [674,] 680 [(2d Cir. 1995)]). If the governmental entity possesses discretion, the plaintiff does not have a legitimate entitlement and, therefore, lacks a property interest. *See id*.

In New York, a village board of trustees has broad discretion to deny water and sewer connections to outside users. *See Kontokosta v. Village of Greenport*, No. 87 Civ. 3432, 1991 WL 206296, *4 (S.D.N.Y. Sept. 27, 1991) (citing N.Y. Village Law § 11-1120 (McKinney 1991); N.Y. Village Law § 14-1404 (McKinney 1991);[10] 19 Op. St. Comptr. 232 (1963)).[11] The Court in *Kontokosta* found that, under New York law, the Board of Trustees was authorized to decide the applications for water and sewage access and "had full discretion" to deny the applications, noting the village's severe water and sewage shortages. *See id*. The Second Circuit

---

[10] The cited statutes authorize a board of commissions to sell water and sewage outside the corporate limits; both contain the language "may sell." *See* N.Y. Village Law §§ 11-1120; 14-1404.

[11] "A village has a continuing obligation to furnish water to outside consumers currently using water based on the contractual nature of the outside connections to the village system. This contract, however, is contingent on the continuing existence of a water surplus. *Prospective outside users have no contractual rights to such use and water service may be denied them.*" *Kontokosta*, 1991 WL 206296, at *4 (quoting 19 Op. St. Comptr. 232). Although Plaintiffs alleged that Defendant Village threatened to terminate the existing sewage access, Defendant Village has not done so and has only declined to grant access to expanded and new buildings. Therefore, the Court need not address whether Plaintiffs have a property interest in continued water and sewage service.

found no property interest in the granting of an application for sewage access where the town board had broad discretion to grant or deny such petitions based on the public interest. *See Clubside,* 468 F.3d at 157.

Here, Plaintiffs allege in their complaint that Defendant Village's discretion is limited and therefore they have a property right.[12]  Plaintiffs assert two grounds for limiting Defendant Village's discretion such that a property right exists in their obtaining sewage rights: a contract entered into between Defendant Village, the City of Syracuse, the Country Club, and Dwight Winkelman (prior owner of Plaintiffs' property) and the parties' subsequently developed understanding that Plaintiffs' property was "grandfathered" into the sewer system and was entitled to additional service despite the no-new-connections policy.[13]

Plaintiffs assert that property interests are created and defined by contracts and understandings between parties.  Plaintiffs allege in their complaint that, at the time they purchased the property, the boathouse, main house, and gate house were serviced by sewage

---

[12] Plaintiffs also assert a right to develop their property in accordance with applicable zoning laws.  The Town, and not Defendant Village, applied the zoning laws and therefore Plaintiffs do not have a substantive due process claim against Defendant Village on this basis.  Since Plaintiffs' conspiracy claim fails, Defendant Village is not responsible for the actions of the Town.  Therefore, at this time, the Court need not address whether Plaintiffs have a property interest to develop under the applicable zoning laws.

[13] Plaintiffs also assert a property right on the basis that they were subject to an *ad valorem* tax to construct and maintain Defendant Village's sewer system.  Plaintiffs' complaint does not contain allegations of such a tax, and Plaintiffs only refer to an exhibit to their memorandum of law.  Plaintiffs may not rescue deficiencies in their complaint with the materials submitted in opposition to a motion to dismiss.  *See Branch v. Tower Air, Inc.*, No. 94 Civ. 6625, 1995 WL 649935, *6 (S.D.N.Y. Nov. 3, 1995) ("[M]emoranda and supporting affidavits in opposition to a motion to dismiss cannot be used to cure a defective complaint . . . ." (citations omitted)).  Accordingly, the Court concludes that Plaintiffs failed to allege a property interest based on an *ad valorem* tax in the complaint.

lines to Defendant Village's sewer system and that the carriage house was connected to Defendant Village's sewer system in 1986 pursuant to written authority from the Mayor. Accordingly, Plaintiffs contend that their property was grandfathered into the system such that new sewage connections were proper. *See* Complaint ¶¶ 43,79, 104. Plaintiffs further claim that Defendant Village's discretion is limited to situations where there is no longer any excess capacity. *See* Plaintiffs' Memorandum of Law at 16.

Even accepting that Plaintiffs can establish a contract for the provision of water and sewage to their property and an understanding that their property is entitled to new connections, as alleged, the Court finds that, as a matter of law, Plaintiffs do not have a constitutionally protected property interest in the added connections.

A proper application for outside sewage rights, under New York's Village Law, is never assured approval because a village must always consider whether the use will render the system inadequate for the village and its inhabitants. *See* N.Y. Village Law § 14-1404. Even if the rights were already sold under the contract, a village has discretion to end the use, where it believes the use will render the system inadequate. By law, a village cannot contract away this obligation through a contract or understanding. The right to discontinue water supply "must be a rather broad one." *Kennilworth Mgt. Co. v. City of Ithaca*, 63 Misc. 2d 617, 620 (N.Y. Sup. Ct. Tompkins County 1970).

Regardless of whether the system had excess capacity, and the Court will assume, as alleged, that it did for the purposes of this motion, Defendant Village still had the discretion to deny additional use that would render the system inadequate. The evaluation of the adequacy of the system is similar to the evaluation at issue in *Clubside* regarding the public interest. *See*

*Clubside,* 468 F.3d at 157 ("Thus, while a town board does not have limitless discretion to decide whether an extension of a sewer district is in the public interest, the cases Clubside relies upon do not explicitly define the scope of a board's discretion or limit the appropriate considerations sufficiently to make the Board's discretion 'so narrowly circumscribed that approval of a proper application is virtually assured.'" (quotation omitted)).  Moreover, the Court concludes that there is no objective definition of "adequate for the inhabitants" that would relieve Defendant Village of all discretion, sufficient to generate a federally-protected property right.

The Court notes that a village may consider any number of factors beyond the current quantifiable measures of the sewage system to determine whether to permit additional connections outside the village.  Specifically, a village might consider, among other things, future growth within the village, deterioration of the system and its capacity, or whether the village plans to modify the system in a way that will reduce capacity but better serve the village. *See Kennilworth*, 63 Misc. 2d at 622 ("[I]t does not seem to the court to be unreasonable or arbitrary for the city to look to the future of its water supply before committing itself to an extension of service which may later cause trouble for itself and those residents of outlying areas presently dependent on the city source.  In this respect the city has broad discretionary powers to act for the protection of its inhabitants." (citations omitted)).[14]

---

[14] Furthermore, the Court notes that, to the extent Plaintiffs' claim is based on a property interest generated by the contract or the "grandfathered" understanding, even if such a property interest is cognizable under the law, Plaintiffs' claim, if based solely on this property interest, is likely barred by the statute of limitations. As discussed above, the statute of limitations for § 1983 actions is three years. Defendant Village decided that it would not honor any alleged contract or understanding in "mid-1991." *See* Complaint ¶ 57. In 1991, Plaintiffs were aware that Defendant Village refused to grant new sewage connections despite the "grandfathered" understanding and the contract. Accordingly, Plaintiffs' claim for the deprivation of these

(continued...)

### *b. Arbitrary or irrational government action*

In addition to demonstrating a protected property interest, plaintiffs must also show that governmental action deprived them of a property interest in an arbitrary or irrational manner. *See Crowley,* 76 F.3d at 52. Substantive due process is an outer limit on governmental action; therefore, it does not forbid arbitrary and capricious conduct correctable in a state-court review of an administrative action, rather "[s]ubstantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority." *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999) (citations omitted). "'Only a substantial infringement of state law prompted by personal or group animus, or a deliberate flouting of the law that trammels significant personal or property rights, qualifies for relief under § 1983.'" *Id*. (quoting *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988)).

The conduct must be "'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'" *Bullock v. Gerould*, 338 F. Supp. 2d 446, 451 (W.D.N.Y. 2004) (quoting [*County of Sacramento v.*] *Lewis*, 523 U.S. [833,] 848 n.8, 118 S. Ct. 1708 [(1998)])) (citing *Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999)). The *Bullock* court found that the allegations in the complaint established wrongful conduct for improper motives but not a substantive due process claim. *See id*. "'The protections of substantive due process are available only against egregious conduct which goes beyond merely "offend[ing] some fastidious squeamishness or private sentimentalism" and can fairly be viewed as so "brutal" and "offensive to human dignity" as to shock the conscience.'" *Id*. (quoting *Smith ex rel. Smith v. Half Hollow*

---

[14](...continued)
property interests accrued prior to August 1, 2003.

*Hills Cent. School Dist.*, 298 F.3d 168, 173 (2d Cir. 2002) (internal quotations omitted)).

The Third Circuit recently considered the types of gross misconduct that shock the judicial conscience in the context of land use and related approvals. *See Eichenlaub v. Township of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (finding that the alleged selective enforcement of zoning provisions, unannounced and unnecessary inspection and enforcement actions, delay of permits and approvals, increases of tax assessments, and maligning and muzzling of the plaintiffs, are examples of disagreements that frequently arise in planning disputes and such conduct does not shock the judicial conscience; and, noting the lack of self-dealing, corruption, interference with an otherwise constitutionally protected activity, bias against an ethnic group, or forced seizure and sale, i.e., virtual "taking," any of which might shock the judicial conscience) (citations omitted).[15]

The Third Circuit's analysis and examples are helpful, and Plaintiffs' alleged conduct falls into the same non-conscience-shocking categories as the allegations in *Eichenlaub* or those in *Natale*.[16] Plaintiffs' allegations about Defendant Village's governmental actions consist mostly of delaying tactics, denial of sewage connections, and selective enforcement of a no-new connections policy. Although Plaintiffs may have alleged wrongful conduct that could

---

[15] Plaintiffs' cases are distinguishable. Plaintiff cites, e.g., *Brady v. Town of Colchester*, 863 F.2d 205, 215-16 (2d Cir. 1988), for the proposition that denial of a land use permit for impermissible political animus violates due process. However*, Brady* (and the remainder of Plaintiffs' cases, *see* Plaintiffs' Memorandum of Law at 19), was decided before *Lewis* and under a different legal standard than the "shocks the conscience" test. *See Eigenlaub*, 385 F.3d at 285 n.8.

[16] *See also PFZ Props., Inc. v. Rodriguez*, 928 F.2d 28, 32 (1st Cir. 1991) (finding delay tactics and refusals to issue permits in violation of Puerto Rico law fail to state a substantive due process claim).

potentially violate New York law, Plaintiffs' allegations of improper motives for denying the sewage application are not sufficient to state a substantive due process claim. Accordingly, for this reason as well, the Court finds that the complaint fails to state a substantive due process claim by failing, as a matter of law, to allege conduct that shocks the conscience.[17,18]

### 3. *Plaintiffs' equal protection claim*

To state a claim for an equal protection violation, Plaintiffs must show that Defendant Village singled them out intentionally for arbitrary treatment without a rational basis. *See Clubside*, 468 F.3d at 158-59.[19] Plaintiffs may state a claim as a "class-of-one" by alleging "that they were intentionally treated differently from other similarly-situated individuals without any rational basis." *Id.* at 159 (citing [*Village of Willowbrook v. Olech*, 528 U.S. 562,] 564, 120 S. Ct. 1073 [(2000)]; *accord Bizzarro v. Miranda*, 394 F.3d 82, 88 (2d Cir. 2005)). In the Second

---

[17] Defendant Village also argues that the Court should not consider Plaintiffs' substantive due process claim because the equal protection clause of the Fourteenth Amendment provides an explicit textual source of constitutional protection. *See Velez v. Levy*, 401 F.3d 75, 94 (2d Cir. 2005) (finding Plaintiffs' actions, but for the allegations of First Amendment and Equal Protection Clause violations, would not be sufficient to assert substantive due process claims). The Court need not reach this issue because it is dismissing the substantive due process claim for failure to state a claim. The Court notes that Plaintiffs could arguably state a substantive due process violation based on Defendants' actions even if they are unable to show disparate conduct for similarly-situated individuals, and that, therefore, the equal protection claim against Defendant Village does not subsume the substantive due process claim against Defendant Village.

[18] Defendant Village also asserts that the substantive due process claim must fail because Plaintiffs could have used an Article 78 state-court proceeding to challenge Defendant Village's action. However, post-deprivation state-law remedies only apply to bar procedural due process claims. *See Zinermon v. Burch*, 494 U.S. 113, 125 (1990).

[19] Since Plaintiffs have not alleged that they are a member of any particular class, the Court will address their equal protection claim as a "class-of-one" claim.

Circuit, "plaintiffs must show an extremely high degree of similarity between themselves and the persons to whom they compare themselves." *Id*.

> Accordingly, to succeed on a class-of-one claim, a plaintiff must establish that "(i) no rational person could regard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate government policy; and (ii) the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake."

*Id*. (quotation omitted).

Plaintiffs' sole allegation regarding similarly-situated persons and difference in treatment is in paragraph 109 of the complaint. *See* Complaint ¶ 109 ("[T]he VILLAGE selectively enforced this stated policy after it was adopted by accepting requests for sanitary sewer service outside the VILLAGE's corporate limits, granting other such applications.").[20] This single allegation is insufficient to state a claim that Defendant Village treated others, with a high degree of similarity to Plaintiffs, differently. Accordingly, the Court dismisses Plaintiffs' equal protection claim against Defendant Village for failure to state a claim without prejudice.

**D.    The Town Defendants' request for dismissal**

The Town Defendants, without filing a motion, joined Defendant Village's motion to dismiss. The Court will dismiss Plaintiffs' conspiracy claim against the Town Defendants for the reasons stated above and because Plaintiffs failed to allege race or other invidious class-based discrimination.

---

[20] In paragraph 141, the complaint hints that Defendant Village granted more requests for sewer service but does not discuss the similarity of the situations or any disparate treatment. *See* Complaint ¶ 141.

The Court declines to consider whether to dismiss the substantive due process and equal protection claims against the Town Defendants as the property interests and government conduct are different for the Town Defendants compared with Defendant Village. Furthermore, Plaintiffs have not had an opportunity to brief those issues. Similarly, the void for vagueness and vested rights claims do not apply to Defendant Village, and Plaintiffs did not address them. If the Town Defendants want the Court to consider dismissing those claims, they must file an appropriate motion in compliance with the Local Rules.

### E. Plaintiffs' request for leave to amend

Plaintiffs, without filing a motion, have asked for leave to amend should the Court dismiss any claims. *See* Plaintiffs' Memorandum of Law at 23. A court should freely grant leave to amend a pleading when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). A court should obey Rule 15's direction "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility . . . ." *Monahan v. N.Y. City Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) (citing *Foman* [*v. Davis,*] 371 U.S. [178,] 182, 83 S. Ct. 227 [(1962)]).

Since Plaintiffs did not submit a proposed amended complaint, the Court has considered Plaintiffs' supplemental affidavit as demonstrative of the additional allegations that they would include in their amended complaint. Based upon its review of their affidavit, the Court finds that it would be futile to permit Plaintiffs to amend their substantive due process claim against Defendant Village. Even if Plaintiffs were able to allege sufficiently a protected property interest, Plaintiffs' amended substantive due process claim would still fail to state a claim

because Plaintiffs cannot show the necessary conscience shocking governmental action. Likewise, the Court concludes that it would be futile to allow Plaintiffs to amend their conspiracy claim because Plaintiffs are unable to allege an invidious class-based conspiracy to discriminate.

On the other hand, the Court will allow Plaintiffs to amend their complaint with regard to their equal protection claim against Defendant Village because Plaintiffs may be able to plead sufficiently that Defendant Village treated similarly-situated individuals differently. The Court will also allow Plaintiffs to amend their complaint with respect to all their claims against the Town Defendants except their conspiracy claim.[21]

## IV. CONCLUSION

After carefully considering the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant Village's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that the Town Defendants' request for dismissal is **GRANTED IN PART** and **DENIED IN PART**; and the Court further

**ORDERS** that Plaintiffs' conspiracy claims pursuant to § 1985(3) against all Defendants are **DISMISSED** with prejudice; and the Court further

**ORDERS** that Plaintiffs' substantive due process claim against Defendant Village is

---

[21] The Court denies Plaintiffs leave to amend their complaint to assert a conspiracy claim against the Town Defendants because, as noted above, Plaintiffs cannot allege an invidious class-based conspiracy to discriminate.

**DISMISSED** with prejudice; and the Court further

**ORDERS** that Plaintiffs' equal protection claim against Defendant Village is **DISMISSED** without prejudice; and the Court further

**ORDERS** that Plaintiffs' request for leave to amend is **GRANTED IN PART** and **DENIED IN PART**; and the Court further

**ORDERS** that Plaintiffs may amend their complaint to assert an equal protection claim against Defendant Village and all their claims against the Town Defendants except their conspiracy claim;[22] and the Court further

**ORDERS** that Plaintiffs shall file their amended complaint within twenty (20) days of the date of this Order; and the Court further

**ORDERS** that this matter is referred to Magistrate Judge Lowe for all further pretrial matters.

**IT IS SO ORDERED.**

Dated: December 22, 2008
       Syracuse, New York

*[signature]*
Frederick J. Scullin, Jr.
Senior United States District Court Judge

---

[22] The Court advises Plaintiffs that any amended complaint that they file must comply with the dictates of Rule 8 of the Federal Rules of Civil Procedure. Failure to comply with this Rule, or any other Federal Rule of Civil Procedure or Local Rule, could subject Plaintiffs to the imposition of sanctions.