**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**LAWRENCE RUSTON and JANET RUSTON,**

                          **Plaintiffs,**

              **v.**                                    **5:06-CV-927**
                                                        **(FJS/GHL)**

**THE TOWN BOARD FOR THE TOWN OF**
**SKANEATELES; PAUL "BILL" PAVLUS;**
**THADDEUS ASTEMBORSKI; BARBARA**
**SPAIN; DAVID G. LAXTON; THEODORE**
**MURDICK; THE PLANNING BOARD FOR**
**THE TOWN OF SKANEATELES; MARK**
**TUCKER; JOSEPH SOUTHERN; KENNETH**
**JONES; ALAN BRIGGS; LEWIS WELLINGTON;**
**DESSA BERGEN; ROBERT LOTKOWICTZ;**
**and THE VILLAGE OF SKANEATELES,**

                          **Defendants.**
_____

**APPEARANCES**                          **OF COUNSEL**

**FEERICK LYNCH MACCARTNEY, PLLC**       **DENNIS E. A. LYNCH, ESQ.**
96 South Broadway
South Nyack, New York 10960
Attorneys for Plaintiffs

**RICE & AMON**                          **TERRY RICE, ESQ.**
Four Executive Boulevard, Suite 100
Suffern, New York 10901
Attorneys for Defendant Village of
Skaneateles

**LAW FIRM OF FRANK W. MILLER**         **FRANK W. MILLER, ESQ.**
6575 Kirkville Road
East Syracuse, New York 13057
Attorneys for the Town Defendants

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On January 12, 2009, Plaintiffs filed their amended complaint asserting four causes of action: (1) a substantive due process claim; (2) a class-of-one equal protection claim; (3) a facial challenge to provisions of the Town of Skaneateles' Zoning Code, Subdivision Regulations, and Comprehensive Plan; and (4) a vested-rights claim.  Plaintiffs assert these claims against all Defendants except Defendant Village of Skaneateles ("Village"), against whom Plaintiffs only assert their equal protection claim.[1]

Currently before the Court are Defendant Village's motion to dismiss the equal protection claim for failure to state a claim and the motion of the other Defendants to dismiss the claims against them on the following grounds: (1) failure to plead personal involvement of the individual Defendants; (2) the Town Planning Board is not a proper Defendant; (3) the Town Board members are entitled to legislative immunity; and (4) failure to state a claim.

## II. BACKGROUND

Plaintiffs own twenty-seven acres of property in the Town of Skaneateles ("Town"), but outside Defendant Village.  Starting first from 1990-1991 and again from 2000 until the filing of this action, Plaintiffs have endeavored to subdivide and develop their property.

Defendant Town Board for the Town of Skaneateles ("Town Board") is the municipal

---

[1] Plaintiffs initially filed a complaint asserting three causes of action against Defendant Village: a § 1985(3) conspiracy claim, a substantive due process claim, and an equal protection claim.  On Defendant Village's motion to dismiss, the Court dismissed all the claims against Defendant Village, but only dismissed the equal protection claim without prejudice and with leave to amend.  *See* Memorandum-Decision and Order dated December 22, 2008, at 17-18.

corporation with jurisdiction over the Town.  Defendant Planning Board for the Town of

Skaneateles ("Planning Board") is a delegated entity in the Town that reviews site plans.  At the

relevant time, Defendant Pavlus was the Supervisor and Chairman of Defendant Town Board and

Defendants Astemborski, Spain, Laxton, and Murdick were members of Defendant Town Board

(collectively the "Individual Town Board Defendants").  At the relevant time, Defendant Tucker

was the Chairman of Defendant Planning Board and Defendants Southern, Jones, Briggs,

Wellington, Bergen, and Lotkowictz were members of Defendant Planning Board (collectively

the "Individual Planning Board Defendants").  These Defendants constitute the Town

Defendants.  Defendant Village is a municipal corporation.


### III. DISCUSSION

**A.     Standard of review**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a

short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R.

Civ. P. 8(a)(2).  As the Supreme Court explained in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544

(2007), Rule 8's pleading standard does not require "detailed factual allegations," but it does

require "more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action . . . ."  *Id.* at 555 (citations omitted).  "Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, No. 07-1015, — U.S.

—, 129 S. Ct. 1937, 1949 (2009) (quoting [*Twombly*, 550 U.S.], at 557, 127 S. Ct. 1955).

As the Supreme Court explained in *Iqbal*, "[t]o survive a motion to dismiss, a complaint

must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Id.* (quoting [*Twombly*, 550 U.S.], at 570, 127 S. Ct. 1955).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* (citing [*Twombly*, 550

U.S.], at 556, 127 S. Ct. 1955).

Furthermore, the Court stated that there are "[t]wo working principles [that] underlie [its]

decision in *Twombly*.  First, the tenet that a court must accept as true all of the allegations

contained in a complaint is inapplicable to legal conclusions . . . [and] [s]econd, only a complaint

that states a plausible claim for relief survives a motion to dismiss. . . ."  *Id.* at 1949-50 (internal

citations omitted).  The Court also stated that

> [d]etermining whether a complaint states a plausible claim for
> relief will . . . be a context-specific task that requires the reviewing
> court to draw on its judicial experience and common sense. . . . But
> where the well-pleaded facts do not permit the court to infer more
> than the mere possibility of misconduct, the complaint has alleged
> – but it has not "show[n]" – "that the pleader is entitled to relief."
> Fed. R. Civ. Proc. 8(a)(2).

*Id.* at 1950 (internal quotation and citations omitted).

Therefore, the Court instructed that, "[w]hen there are well-pleaded factual allegations, a

court should assume their veracity and then determine whether they plausibly give rise to an

entitlement to relief." *Id.*

**B.      Defendant Village's motion to dismiss Plaintiffs' class-of-one equal protection claim**

The Supreme Court has recognized a class-of-one equal protection claim where a plaintiff

"does not allege class-based discrimination, but rather that he . . . has been irrationally singled

out as a 'class of one.'"  *Marino v. Shoreham-Wading River Cent. Sch. Dist.*, No. CV-08-0825,

2008 WL 5068639, *6 (E.D.N.Y. Nov. 20, 2008) (citing *Village of Willowbrook v. Olech*, 528

U.S. 562, 120 S. Ct. 1073, 145 L. Ed. 2d 1060 (2000)).  Since Plaintiffs have not alleged

membership in any identifiable group against which Defendants have discriminated, the Court

will analyze this claim as a class-of-one equal protection claim.

       In *Engquist v. Oregon Dep't of Agric.*, — U.S. —, 128 S. Ct. 2146 (2008), the Supreme

Court added an additional limit to class-of-one claims, that such claims must result from a non-

discretionary action.  *See Marino*, 2008 WL 5068639, at *6-*7 (citing *Engquist*, 128 S. Ct. 2153-

54).  Accordingly, "[f]ollowing *Engquist*, in order to state an equal protection 'class of one' claim,

a plaintiff must allege (1) that she was treated differently from others similarly situated in all

relevant respects; (2) that defendants had no rational basis for the differential treatment, *see*

*Olech*, 528 U.S. at 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060; and (3) that the differential

treatment resulted from a non-discretionary state action, *Engquist*, 128 S. Ct. at 2154."  *Id.* at *7.

       Plaintiffs' allegations in support of their equal protection claim against Defendant Village

all relate to the decision to deny Plaintiffs sewer-system access for the proposed development.  In

its prior decision, this Court discussed the discretionary nature of the decision to grant sewer

access when discussing Plaintiffs' previously asserted substantive due process claim against

Defendant Village and concluded that Plaintiffs lacked a property interest because Defendant

Village had discretion.  *See* Memorandum-Decision and Order dated December 22, 2008, at 8-

11.  The only new allegation related to this issue is Plaintiffs' assertion that Defendant Village

denied them sewer access "notwithstanding the fact that the Plaintiffs had been paying an ad

valorem sewer tax . . . ."  *See* Amended Complaint at ¶ 44.

       With respect to Plaintiffs' alleged "*ad valorem* sewer tax," this Court previously declined

to address the issue finding that Plaintiffs had not alleged payment of such a tax in their complaint. *See* Memorandum-Decision and Order dated December 22, 2008, at 9 n.13. In their amended complaint, Plaintiffs now assert only one allegation of an "*ad valorem* sewer tax" in paragraph 44 and allege no facts to support that such a tax was levied or paid. In its reply papers, Defendant Village submitted the sewer bills for Plaintiffs' property from February 10, 2003, to February 1, 2009. *See* Declaration of Terry Rice dated March 23, 2009, at Exhibit "A." These bills all show charges based on volume consumed multiplied by a rate, no other special assessments, and no mention or relation to the value of Plaintiffs' property receiving the sewage services. *See id.*

Moreover, the case that Plaintiffs cite to support their position does not mention an "*ad valorem* tax" but rather a special assessment for the construction of a sewer. *See HBP Assocs. v. Marsh*, 893 F. Supp. 271, 279 (S.D.N.Y. 1995) (finding that "an annual special assessment for the construction and maintenance of the sewer facility" would create an entitlement to sewer services). An "*ad valorem* tax" is "[a] tax imposed proportionally on the value of something (esp. real property), rather than on its quantity or some other measure." Black's Law Dictionary 1496 (8th ed. 2004); *see also USA Recycling Inc. v. Town of Babylon*, 66 F.3d 1272, 1286 (2d Cir. 1995) (distinguishing between taxes on property owners on an "*ad valorem* basis" or in proportion to the value of the property and those on a "benefit basis" or in proportion to the actual benefit conferred on the property); *AMPCO Printing-Advertisers' Offset Corp. v. City of N.Y.*, 14 N.Y.2d 11, 22 (1964) ("The phrase 'ad valorem' means 'according to the value' and is used in the field of taxation to designate an assessment of taxes against property at a certain rate upon its value . . . [that] is always based upon ownership of property . . . .").

The payments Plaintiffs apparently made to Defendant Village do not appear to be an *ad valorem* tax as they were based on the quantity of volume used and not the value of Plaintiffs' property.  Furthermore, there does not appear to be any special assessment beyond the sewer rents that Plaintiffs have paid to Defendant Village for the creation or maintenance of a sewer facility, as in *HBP Assocs.*  Although the Court must accept factual allegations in the amended complaint as true, Plaintiffs' allegation that they have paid an *ad valorem* tax is merely a conclusory legal allegation that this Court does not need to credit.  *See Iqbal*, 129 S. Ct. at 1949.  Therefore, the Court finds that Plaintiffs' sole conclusory allegation regarding such a tax is insufficient to allege a tax paid to create an entitlement that would remove Defendant Village's discretion with respect to sewage connections; and, thus, Plaintiffs have failed to state a class-of-one equal protection claim against Defendant Village.  Accordingly, the Court grants Defendant Village's motion to dismiss Plaintiffs' equal protection claim.

## C.      Town Defendants' motion to dismiss

### 1. Defendant Town Planning Board

Defendants assert that Defendant Town Planning Board is not a proper defendant because it is a municipal department not subject to suit in favor of suing the municipality.  Plaintiffs concede that the action against Defendant Town Planning Board is duplicative.  Therefore, the Court dismisses Plaintiffs' claims against Defendant Town Planning Board.  Likewise, the Court dismisses the claims against the Individual Defendants in their official capacities as redundant.  *See Wallikas v. Harder*, 67 F. Supp. 2d 82, 83 (N.D.N.Y. 1999) (finding that where the plaintiff has sued the municipality, official capacity claims against individual defendants are redundant

(citations omitted)).

### 2. Individual Town Defendants

#### a. Legislative immunity

Defendants assert that the individual Town Defendants are entitled to absolute legislative immunity for § 1983 claims, which requires dismissal of all such claims.

Legislative immunity provides absolute immunity to local legislators for acts "undertaken '"in the sphere of legitimate legislative activity."'" *Almonte v. City of Long Beach*, 478 F.3d 100, 106 (2d Cir. 2007) (quotation omitted). Such acts are not limited to the casting of a vote; rather, legislative activity includes "all aspects of the legislative process," including discussions and meetings with people outside the legislature. *Id.* at 107. However, courts have distinguished between situations where a single issue relevant to a single individual is resolved and a "'broad, prospective policymaking that is characteristic of legislative action.'" *Id.* at 108 (quotation omitted).

Plaintiffs' amended complaint alleges both legislative and non-legislative activity on the part of Defendants. *See, e.g.*, Amended Complaint at ¶ 180 (alleging legislative activity – the enactment of new Town Zoning Code provisions); ¶¶ 108-115 (alleging non-legislative obstruction and delay of Plaintiffs' applications). Plaintiffs' first two causes of action (substantive due process and equal protection) encompass both legislative and non-legislative activity. Therefore, at this stage of the litigation, the Court cannot grant any of the individual Defendants legislative immunity with regard to those causes of action.

Plaintiffs' third cause of action is a facial challenge on various grounds to the "new Town

Zoning Code, Subdivision Regulations and Comprehensive Plan."  *See* Amended Complaint at

¶¶ 219-228.  Defendant Town Board enacted the Zoning Code and Subdivision Regulations, *see*

*id.* at ¶ 164, and the Comprehensive Plan, *see id.* at ¶ 138.  The Court finds that the Individual

Town Board Defendants are entitled to absolute legislative immunity for their legislative

activities in enacting the new code, regulations, and plan.  Therefore, the Court dismisses

Plaintiffs' third cause of action against the Individual Town Board Defendants.


### b. Personal involvement

To support a § 1983 claim, a plaintiff must show personal involvement of individual

defendants in the alleged constitutional deprivations.  *See Zdziebloski v. Town of E. Greenbush*,

336 F. Supp. 2d 194, 201-02 (N.D.N.Y. 2004) (citations omitted).  Where the alleged

deprivations occurred as a result of a board vote, involvement as a voting member of the board

may be sufficient personal involvement.  *Cf. id.* at 202 (finding town attorney who advised but

did not vote did not sufficiently participate to create liability).  Plaintiffs' amended complaint

alleges violations as a result of the votes of both Defendant Town Board, *see, e.g.*, Amended

Complaint at ¶ 165 (application for a new sewer district), and Defendant Town Planning Board,

*see, e.g., id.* at ¶ 73 (SEQRA declaration).  Those allegations support Plaintiffs' first two causes

of action.  As all of the Individual Defendants are alleged to be members of either Defendant

Town Board or the Town Planning Board, the Court finds that Plaintiffs have alleged sufficient

personal involvement to survive a motion to dismiss.

As noted above, Plaintiffs' third cause of action is limited to the legislative activity of

Defendant Town Board.  Therefore, with respect to that cause of action, the Court finds that the

Individual Planning Board Defendants were not voting members of Defendant Town Board and, accordingly, were not personally involved in the enactment of the alleged unconstitutional legislation. *Cf. Zdziebloski*, 336 F. Supp. 2d at 202. Therefore, the Court dismisses Plaintiffs' third cause of action against the Individual Planning Board Defendants for lack of personal involvement.

### 3. Substantive due process claim

"[A] party asserting a deprivation of substantive due process must first establish a valid property interest within the meaning of the Constitution . . . [and] must demonstrate that the defendant acted in an arbitrary or irrational manner in depriving him of that property interest." *Crowley v. Courville*, 76 F.3d 47, 52 (2d Cir. 1996) (citation omitted); *see also Clubside, Inc. v. Valentin*, 468 F.3d 144, 152 (2d Cir. 2006) (quotation omitted).

### a. Property interest

To establish a property interest, a plaintiff must show "a '"legitimate claim of entitlement."'" *Crowley*, 76 F.3d at 52 (quotations omitted). "'The [strict entitlement] analysis focuses on the extent to which the deciding authority may exercise *discretion* in arriving at a decision, rather than on an estimate of the probability that the authority will make a specific decision.'" *Id.* (quoting *Zahra [v. Town of Southold*,] 48 F.3d [674,] 680 [(2d Cir. 1995)]). If the governmental entity possesses discretion, the plaintiff does not have a legitimate entitlement and, therefore, lacks a property interest. *See id.*

Since the Constitution does not create property interests, courts look to other existing

-10-

rules, such as state law, that support claims of entitlement.  *See Cedarwood Land Planning v. Town of Schodack*, 954 F. Supp. 513, 521 (N.D.N.Y. 1997) (citations omitted).  New York law can support such a property interest in "vested rights" in property development.  *See id.* (quotation and other citations omitted).  For purposes of argument, the Court will assume that Plaintiffs can establish "vested rights" under either of their theories under New York law.[2]  However, even assuming "vested rights," under New York law, planning boards have discretion to approve or deny applications for subdivisions.  *See id.* at 524-25 (citing planning board's wide discretion whether to approve a subdivision plan (citations omitted)).  Accordingly, the Court finds that Plaintiffs have failed to allege a property interest within the meaning of the Constitution to support their substantive due process claim.


### b. Defendants' conduct

Even if Plaintiffs had pled a valid property interest, substantive due process is an outer limit on governmental action; therefore, it does not forbid arbitrary and capricious conduct correctable in a state-court review of an administrative action.  Rather, "[s]ubstantive due process standards are violated only by conduct that is so outrageously arbitrary as to constitute a gross abuse of governmental authority."  *Natale v. Town of Ridgefield*, 170 F.3d 258, 263 (2d Cir. 1999) (citations omitted).  "'Only a substantial infringement of state law prompted by personal or group animus, or a deliberate flouting of the law that trammels significant personal or property

---

[2] Plaintiffs assert that they have vested rights based on the following theories: (1) their expenditures and demolition of the large house on their property pursuant to the theory expressed in *Town of Orangetown v. Magee*, 88 N.Y.2d 41 (1996); and (2) the special-facts exception based on Defendants' delay pursuant to *In re Jayne Estates, Inc. v. Raynor*, 22 N.Y.2d 417 (1968).

rights, qualifies for relief under § 1983.'"  *Id.* (quoting *Silverman v. Barry*, 845 F.2d 1072, 1080 (D.C. Cir. 1988)).

As this Court already noted in its prior decision, the conduct must be "'so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience.'"  *Bullock v. Gerould*, 338 F. Supp. 2d 446, 451 (W.D.N.Y. 2004) (quoting [*County of Sacramento v.*] *Lewis*, 523 U.S. [833,] 848 n.8, 118 S. Ct. 1708 [(1998)]) (citing *Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999)).  Although the *Bullock* court found that the allegations in the complaint established wrongful conduct for improper motives, it concluded that those allegations did not state a substantive due process claim.  *See id.*  "'The protections of substantive due process are available only against egregious conduct which goes beyond merely "offend[ing] some fastidious squeamishness or private sentimentalism" and can fairly be viewed as so "brutal" and "offensive to human dignity" as to shock the conscience.'"  *Id.* (quoting *Smith ex rel. Smith v. Half Hollow Hills Cent. School Dist.*, 298 F.3d 168, 173 (2d Cir. 2002)); *see also Eichenlaub v. Township of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (finding that the alleged selective enforcement of zoning provisions, unannounced and unnecessary inspection and enforcement actions, delay of permits and approvals, increases of tax assessments, and maligning and muzzling of the plaintiffs are examples of disagreements that frequently arise in planning disputes and such conduct does not shock the judicial conscience; and, noting the lack of self-dealing, corruption, interference with an otherwise constitutionally protected activity, bias against an ethnic group, or forced seizure and sale, i.e., virtual "taking," any of which might shock the judicial conscience (citations omitted)).

After reviewing Plaintiffs' amended complaint in a light most favorable to them, the

Court finds that Plaintiffs have not alleged conscience-shocking conduct on the part of Defendants.  Plaintiffs' allegations consist of the types of disputes and conduct that arise in planning disputes as the Third Circuit described in *Eichenlaub*.  Accordingly, the Court finds that Plaintiffs have failed to allege the requisite conscience-shocking conduct to support a plausible substantive due process claim.

### 4. Class-of-one qual protection claim

As noted above, "[f]ollowing *Engquist*, in order to state an equal protection 'class of one' claim, a plaintiff must allege (1) that she was treated differently from others similarly situated in all relevant respects; (2) that defendants had no rational basis for the differential treatment, *see Olech*, 528 U.S. at 564, 120 S. Ct. 1073, 145 L. Ed. 2d 1060; and (3) that the differential treatment resulted from a non-discretionary state action, *Engquist*, 128 S. Ct. at 2154."  *Marino*, 2008 WL 5068639, at *7.  General allegations of disparate treatment are sufficient to survive a motion to dismiss.  *See DeMuria v. Hawkes*, 328 F.3d 704, 707 (2d Cir. 2003).  "[T]he allegation of an impermissible motive and of animus is sufficient to establish an equal protection issue[;] . . . a plaintiff must show either lack of rational basis or animus under *Olech*."  *Id.* (citation omitted).  A plaintiff must also allege intentional disparate treatment.  *See id.*

Plaintiffs' equal protection claim relies on substantially the same allegations as their substantive due process claim.  Therefore, the Court finds that Defendants' discretion in handling Plaintiffs' land use applications is sufficient to find, pursuant to *Engquist* as a matter of law, that Plaintiffs have failed to state an equal protection claim.  Furthermore, the Court finds that Plaintiffs have only alleged conclusory statements of animus and that allegations of differential

treatment do not, standing alone, show animus or malice.  *See Crowley*, 76 F.3d at 53.  Similarly, the Court finds that Plaintiffs' allegations that Defendants were opposed to Plaintiffs' development plans do not demonstrate the requisite animus against Plaintiffs themselves. Finally, given Defendants' discretion in handling Plaintiffs' applications, the Court finds that Plaintiffs have only alleged conclusory allegations that Defendants lacked a rational basis for their actions.  For all these reasons, the Court dismisses Plaintiffs' equal protection claims.

### 5. Facial challenges to Defendants' ordinances

#### a. Void for vagueness claim

Ordinances may be void for vagueness if their prohibitions are not clearly defined to provide fair warning and prevent "unrestricted delegations of power which facilitate arbitrary and discriminatory enforcement."  *ABN 51st St. Partners v. City of N.Y.*, 724 F. Supp. 1142, 1147 (S.D.N.Y. 1989) (citation omitted).  Economic regulations with civil penalties "are subject to 'a less strict vagueness test'"; zoning ordinances may be unconstitutionally vague where they do not specify a standard for conduct such that they offend due process.  *Id.* (quotation omitted).

In this case, Plaintiffs challenge Town of Skaneateles Zoning Law ("Zoning Law") § 148-9(C) and (G)(1) and specifically the terms "conservation analysis" and "conservation value" as permitting the Town Planning Board "unabridged and sole discretion" to eliminate development on subjective grounds.  *See* Amended Complaint at ¶ 195.  Zoning Law § 148-9(C) provides that certain subdivisions must comply with Zoning Law § 148-9(G).  Zoning Law § 148-9(G)(1)(a)[1]-[5] clearly defines "lands with conservation value."  *See* Zoning Law § 148-9(G)(1)(a).  Furthermore, the "conservation analysis" is clearly defined as the process of

requiring an applicant to submit certain information to be incorporated into a sketch plan.  *See* Zoning Law § 148-9(G)(1).  The sketch plan will show preferred locations for development and preservation.  *See* Zoning Law § 148-9(G)(1)(b)-(c).  The only discretion that the Planning Board retains is whether to seek a "conservation easement."  *See* Zoning Law § 148-9(G)(1)(d).  The term "conservation easement" is defined as "[a] perpetual restriction on the use of land, created in accordance with the provisions of § 49, Title 3, of the Environmental Conservation Law or § 247 of the General Municipal Law, for the purposes of conservation of open space, agricultural land and natural, cultural, historic and scenic resources."  *See* Zoning Law § 148-56.

As a review of this ordinance demonstrates, it does not imbue the Planning Board with unlimited discretion.  Rather, it provides an information-gathering mechanism to determine whether to seek a conservation easement pursuant to New York law.  Therefore, the Court dismisses Plaintiffs' void for vagueness claim.

### b. Substantive due process and equal protection claims

"To challenge the facial validity of a zoning regulation on substantive due process grounds, [a plaintiff] must allege that (1) the regulation on its face deprives him of a constitutionally protected property interest, and (2) the regulation lacks any rational relationship to a legitimate government interest."  *Kittay v. Giuliani*, 112 F. Supp. 2d 342, 352 (S.D.N.Y. 2000) (citations omitted).  Courts perform such analysis under the guidance that "'federal courts should not become zoning boards of appeal' when reviewing land use determinations."  *Id.* (quoting *Sullivan v. Town of Salem*, 850 F.2d 81, 82 (2d Cir. 1986)).  Even if a plaintiff can show a constitutionally protected property interest, he must "satisfy the heavy burden of demonstrating

that the [challenged laws] on their face lack *any* rational relationship to a legitimate

governmental interest."  *Id.* (citations omitted).

   The Court has already determined that Plaintiffs have failed to allege a constitutionally

protected property interest.  Even if they had alleged such an interest, there can be no doubt that

the provisions about which they complain – those dealing with (1) the expansion of Defendant

Village's sewage capacity; (2) the prohibition against new sewer districts in Skaneateles Lake's

watershed; (3) the prohibition against private sewage systems serving multiple owners; (4) the

limit on building in areas that are in a rural pattern and to maintain large areas of open space

undeveloped; (5) the lakefront's setback; (6) the expansion and occupancy of boathouses; and (7)

density requirements and steep slope provisions, *see* Amended Complaint at ¶¶ 174-198, – are

rationally related to a legitimate government interest regarding land use and development.  *See*

*Kittay*, 112 F. Supp. 2d at 353 (noting that the courts do not require that the legislative acts

actually advance the purposes, but whether "'the governmental body could have had no legitimate

reason for its decision.'" (quotation omitted)).

   Similarly, with a facial equal protection challenge, "[w]here neither a fundamental right

nor a suspect class is implicated, a statute's treatment of different classes carries with it a heavy

presumption of constitutionality, and a statute is constitutionally deficient only where no rational

relationship exists between the classification and a legitimate legislative concern."  *Id.* (citations

and footnote omitted).  Even assuming that the challenged legislation creates different classes,

the Court finds that Plaintiffs have failed to assert a plausible claim that no rational relationship

exists between the challenged laws and a legitimate government interest.

   Therefore, for the above-stated reasons, the Court dismisses Plaintiffs' substantive due

-16-

process and equal protection facial challenge claims.

### 6. Vested-rights claim

Since the Court has dismissed all of Plaintiffs' federal claims, it declines to exercise supplemental jurisdiction over their state-law vested-rights claim and dismisses this claim without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### IV. CONCLUSION

After carefully reviewing the entire file in this matter, the parties' submissions and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Defendant Village's motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that the Town Defendants' motion to dismiss is **GRANTED**; and the Court further

**ORDERS** that Plaintiffs' federal claims are **DISMISSED WITH PREJUDICE**; and the Court further

**ORDERS** that Plaintiff's state-law claim is **DISMISSED WITHOUT PREJUDICE**

pursuant to 28 U.S.C. § 1367(c)(3); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in favor of Defendants and

close this case.

**IT IS SO ORDERED.**

Dated: September 30, 2009
   Syracuse, New York


        _____
        Frederick J. Scullin, Jr.
        Senior United States District Court Judge